999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David W. STELL, Kathleen Stell, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellees.
 No. 91-70636.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.**
Decided July 23, 1993.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judge.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1982, appellants were limited partners in Matrix Business Computers, a partnership whose stated purpose was the development and exploitation of various new technologies. In that same year, appellants claimed income tax deductions under 26 U.S.C. § 174 for a distributive share of the research and experimentation expenses incurred by the partnership. The Commissioner disallowed the deductions, contending that the partnership had not incurred its research expenditures in connection with an existing or prospective business of its own, as required by the statute. See 26 U.S.C. § 174(a)(1); Snow v. Commissioner, 416 U.S. 500 (1974). Rather than developing or marketing the technologies itself, the partnership contracted a research firm to develop a specified technology and granted a marketing firm the right to obtain a nominally priced option for an exclusive license to market the technology on behalf of the partnership. Based on these circumstances, the Tax Court affirmed the Commissioner's action. This appeal followed.
 
 
 3
 The disposition of this issue is controlled by our recent decision in Kantor v. Commissioner, No. 91-70446, --- F.2d ---- (9th Cir. July 20, 1993). In Kantor, we denied the section 174 deduction to investors in a limited partnership which similarly contracted an independent research firm to develop a new technology and granted that firm the effective right to obtain exclusive marketing rights to the technology for a nominal price. Id. Under these circumstances, we held it reasonable for the Tax Court to conclude that the partnership had no realistic prospect of engaging in its own business, in connection with the fruits of the research. Id. We found that by entering these agreements the partnership had evinced the objective intent to remain, and rendered itself incapable of ever becoming, anything but a passive investor in a business conducted by the research firm. Id. Under virtually identical facts, the Tax Court came to the same conclusions in this case. Accordingly, we affirm.
 
 
 4
 Appellants contend, as did the appellants in Kantor, that the involvement of the general partner in the development and marketing of the technologies was sufficiently regular and substantial to establish the partnerships as businesses and thereby satisfy section 174. The Tax Court properly rejected this argument. The Tax Court found that "[a]ny involvement by the general partners was either insignificant or was directed at investment management." Alexander v. Commissioner, 59 T.C.M. (CCH) 121, 132 (1990). It based its conclusion upon the factual finding that none of the general partners "had any significant training or experience in the technological or marketing aspects of [the subject technologies]." Id. at 131-32. We are satisfied that the Tax Court's factual premise was adequately supported by the record and that its conclusion was based on sound legal reasoning.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3